# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DANIEL REITH, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO.: |
| v. | : | |
| | : | 09-CV-4398 |
| TREVI ICOS CORP., et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**Jones II, J.**  October 9, 2013

Pending before the court is a motion to quash several subpoenas issued by defendant American Equipment & Fabricating Corporation on the grounds that they were issued after the discovery deadline. (Doc. No. 79.) Defendant responds by claiming that plaintiff failed to disclose the identity of the subpoenaed experts until after the close of discovery and in violation of Federal Rule of Civil Procedure 26(e), thereby necessitating the untimely subpoenas. (Doc. No. 82.) In turn, plaintiff contends that defendant knew about the subpoenaed experts, and, even if it did fail to disclose its experts as required by Rule 26(e), defendant failed to properly seek an extension of the discovery deadlines as required by Federal Rule of Civil Procedure 16(b). (Doc. No. 79, at 4.) After a thorough review of the record, the court will **GRANT** the **MOTION IN PART** and **DENY IN PART**.

On August 9, 2013, defendant American Equipment & Fabricating Corporation served subpoenas on Dr. Aparna Tamaskar (PMC Physician Association), Jennifer Bruno (Physician Assistant of Mountain Valley Orthopedics), Dr. Michael Vavrek (Pocono Audiology and Balance), Dr. Jack Shilling (Aria 3B Orthopaedic Specialists), and the McKinney Drilling Company. The subpoenas indicate that defendant is seeking information about plaintiff's diagnosis, treatment, and

medical expenses as well as his work and accident history at McKinney.

Pursuant to Federal Rule of Civil Procedure 26(a), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed.R.Civ.P. 26(a)(2)(A). Accompanying this rule is an ongoing duty to supplement these disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e).

As for the subpoena issued to the McKinney Drilling Company, the court will **GRANT** the motion to quash because the record indicates that defendant was on notice of plaintiff's employment and accident history there as of July 27, 2011, well before the discovery deadline of June 23, 2012. (Doc. No. 83, Exh. C.) The record indicates that plaintiff informed defendant in a deposition dated July 27, 2011, that he began working for McKinney in 2000, worked there for six months, and became disabled due to a fall from a drilling rig. (Doc. No. 83, Exh. C.) As such, defendant had more than enough time to seek discovery on matters relating to plaintiff's employment there.

As for Dr. Vavrek and Dr. Tamaskar, the motion to quash the subpoenas will be **GRANTED**. Plaintiff argues that neither Dr. Vavrek nor Dr. Tamaskar were consulted for the purposes of the present case. (Doc. No. 83.) Plaintiff further contends that neither of these doctors contributed in any way to the creation of plaintiff's Lifecare Plan, the document which outlines the estimated damages that plaintiff has sustained and will sustain in the future due to the alleged accident. (Doc. No. 83.) Plaintiff's arguments are supported by the record. The Lifecare Plan lists every medical professional which was relied upon in creating the report. (Doc. No. 82, Exh. A.) Neither Dr. Vavrek nor Dr. Tamaskar are listed in the report. (Doc. No. 82, Exh. A.) Plaintiff admits

2

that he visited Dr. Vavrek in the past and that Dr. Vavrek suggested that he may have tinnitus (Doc. No. 83, Exh. E, at 8.); however, plaintiff has assured the court that any recommendation in the Lifecare Plan that he seek treatment for tinnitus was solely based on the expertise of Nurse Buchanan. (Doc. No. 83, Exh. E, at 12.) As for Dr. Tamasker, he is listed in the Lifecare Plan but only as a recommended primary care physician, not as an expert witness. (Doc. No. 83, Exh. E, at 11.)

Next, the court will **DENY** the motion to quash the subpoena served on Ms. Jennifer Bruno. Defendant claims plaintiff never disclosed that it was consulting Ms. Bruno until plaintiff submitted its expert report. (Doc. No. 82.) In response, plaintiff argues that it informed defendant of Ms. Bruno in a letter dated November 15, 2011, thereby giving defendant sufficient time to seek discoverable information from her. (Doc. No. 83.) The e-mail which plaintiff cites, or at least the portion that plaintiff has provided the court, merely indicates that plaintiff enclosed the "billing and medical records from Mountain Valley Orthopedics." (Doc. No. 83, Exh. D.) It says nothing about Ms. Bruno. The e-mail also references "enclosed . . . billing and medical records," but plaintiff has not provided these as exhibits for the court to determine whether they mentioned Ms. Bruno or contained any information putting defendant on notice that Ms. Bruno was plaintiff's treating physician at Mountain Valley Orthopedics. Therefore, because the court is unable to determine whether plaintiff notified defendant before discovery that it would rely on the testimony of Ms. Bruno for its case, the court will allow the subpoena to be issued.

Finally, the court will **DENY** the motion to quash the subpoena which was issued to Dr. Shilling. The record reveals that plaintiff was seen by Dr. Shilling on May 28, 2013, over six months after the discovery deadline, because he wanted a second opinion on his lower extremity injuries. (Doc. No. 83, at 7.) Plaintiff subsequently informed defendant by letter on June 7, 2013, that he had

seen Dr. Shilling and provided defendant with Dr. Shilling's notes regarding plaintiff's May 28 visit. (Doc. No. 83, Exh. F.) According to plaintiff, his letter and the enclosed materials apprised defendant of all relevant information regarding this visit, so defendant is not entitled to further discovery on the matter. Plaintiff also indicated that he may decide to use Dr. Shilling's testimony at trial. (Doc. No. 83, Exh. F.)

While the court is cognizant that plaintiff has provided defendant with Dr. Shilling's notes regarding plaintiff's May 28 visit, defendant should have the opportunity to depose Dr. Shilling or request such further documentation as defendant sees fit. Dr. Shilling was consulted after the discovery deadline, and it may severely prejudice defendant's case if plaintiff were to use the testimony or notes of Dr. Shilling at trial without defendant having had an opportunity to solicit impeachable information from the doctor. Plaintiff's argument that it apprised defendant of all material relevant to the visit is simply not compelling. Such a finding would effectively abrogate defendant's right to discover information that it believes is important to its case. As such, plaintiff's motion to quash the subpoena issued to Dr. Shilling will be **DENIED**.

Plaintiff is correct that a party should seek an extension of the discovery deadline under Rule 16(b) if it needs more time to conduct discovery. Rule 16(b) provides, "[a scheduling order] may be modified only for good cause and with the judge's consent. Fed.R.Civ.P. 16(b). Plaintiff is also correct that defendant failed to request an extension of the discovery deadline and seek the permission of the court before issuing subpoenas. While the court admonishes defendant for failure to adhere to the Rules of Civil Procedure, the court will **DENY** the motion to quash as it relates to Ms. Bruno and Dr. Shilling so that defendant may conduct discovery regarding their treatment and diagnosis of plaintiff.

## CONCLUSION

In light of the foregoing, the motion to quash the subpoenas will be **GRANTED IN PART AND DENIED IN PART**. The motion to quash will be **GRANTED** as to the subpoenas issued to McKinney Drilling Company, Dr. Michael Vavrek, and Dr. Aparna Tamaskar. The motion will be **DENIED** as to the subpoenas issued to Ms. Jennifer Bruno and Dr. Jack Shilling.

**BY THE COURT:**

**C. Darnell Jones II, J.**
**C. DARNELL JONES II, J.**